Citation Nr: 1138401 
Decision Date: 10/14/11 Archive Date: 10/19/11

DOCKET NO. 10-15 476 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New York, New York


THE ISSUES

1. Whether new and material evidence has been presented to reopen the claim of service connection for a back disorder. 

2. Whether new and material evidence has been presented to reopen the claim of service connection for a left knee disorder. 

3. Entitlement to service connection for a stomach condition. 

4. Entitlement to service connection for a left foot condition.

5. Entitlement to service connection for a left leg condition. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

M. Mac, Counsel


INTRODUCTION

The Veteran had active duty service in the U.S. Navy from November 1942 to April 1946. 

This case is before the Board of Veterans' Appeals (Board) on appeal from rating decisions in January 2009 and May 2009 by a Regional Office (RO) of the Department of Veterans Affairs (VA). A notice of disagreement was received in August 2009, a statement of the case was issued in November 2009, and a substantive appeal was timely received in April 2010. 

In February 2007, the Board denied the claims of service connection for a back disorder and left knee disorder. In April 2007, the Veteran filed a motion for reconsideration of the Board's denial, which was denied in June 2007 and in June 2009. Therefore, the claims on appeal are claims to reopen service connection for a back disorder and left knee disorder. 

A RO decision in February 1981 denied service connection for a leg and back disability; however, a rating decision in July 1992 denied to reopen service connection for a left knee disability, indicating it was previously claimed as a leg condition. Therefore, the Veteran's current claim for a leg condition is a new claim and is characterized as a claim of service connection for a left leg condition. 

In August 2009, the Veteran submitted a claim for arthritis and pension. (The Board notes that the Veteran has been receiving pension benefits since June 2004.) In March 2011, he raised a claim for an earlier effective date. The Board refers the issues to the RO for appropriate action. 

Please note this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2010). 38 U.S.C.A. § 7107(a)(2) (West 2002).

The issues of whether new and material evidence has been presented to reopen the claims of service connection for a back disorder and left knee disorder, and the issues of service connection for a left foot condition and left leg condition are being remanded and addressed in the REMAND portion of the decision below and are REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC.


FINDING OF FACT

There is no current stomach disorder. 


CONCLUSION OF LAW

A stomach condition was not incurred in or aggravated by service. 
38 U.S.C.A. §§ 1110, 1131, 5107(b) (West 2002); 38 C.F.R. § 3.303 (2011).


REASONS AND BASES FOR FINDING AND CONCLUSION

The Veterans Claims Assistance Act of 2000 (VCAA)

The VCAA, codified in part at 38 U.S.C.A. §§ 5103, 5103A, and implemented in part at 38 C.F.R. § 3.159, amended VA's duties to notify and to assist a claimant in developing information and evidence necessary to substantiate the claim. 


Duty to Notify

Under 38 U.S.C.A. § 5103(a) and 38 C.F.R. § 3.159(b), when VA receives a complete or substantially complete application for benefits, it will notify the claimant of (1) any information and medical or lay evidence that is necessary to substantiate the claim, (2) what portion of the information and evidence VA will obtain, and (3) what portion of the information and evidence the claimant is to provide. 

The VCAA notice requirements apply to all five elements of a service connection claim. The five elements are: (1) veteran status; (2) existence of a disability; (3) a connection between the veteran's service and the disability; (4) degree of disability; and (5) effective date of the disability. Dingess v. Nicholson, 19 Vet. App. 473 (2006).

The VCAA notice must be provided to a claimant before the initial unfavorable adjudication by the RO. Pelegrini v. Principi, 18 Vet. App. 112 (2004). 

The RO provided a pre-adjudication VCAA notice by letter, dated in February 2008. The Veteran was notified of the evidence needed to substantiate the claim for service connection as well as well as what information and evidence must be submitted by the Veteran, what information and evidence would be obtained by VA, and the provisions for disability ratings and for the effective date of the claim. 

Duty to Assist

VA has fulfilled its duty to assist in obtaining identified and available evidence needed to substantiate the claim. Available service treatment records, post-service treatment records, and lay statements have been associated with the record. 

In July 1994, the Social Security Administration confirmed that the Veteran was receiving retirement benefits and as he did not file for disability benefits, his file did not include any medical records. 

In February 2009, the Veteran indicated that he was treated for pain in the left side of his stomach at the VA hospital in NY in 1946. In April 1998, the VA Medical Center (VAMC) in New York indicated that it did not have treatment records. Moreover, the Veteran was afforded a VA examination in June 2008, which found there was no current stomach disorder. In July 2008, the Veteran questioned the adequacy of his VA examination in June 2008, indicating that the examiner did not note that he had severe pains on the left side of his stomach. The Board finds the VA examination in July 2008 to be fully adequate, as the VA examiner reviewed the Veteran's claims file and provided a detailed medical history, clinical evaluation and opinion. See Barr v. Nicholson, 21 Vet. App. 303 (2007). 

Thus, with respect to the Veteran's claim of service connection for a stomach condition, there is no additional notice that should be provided, nor is there any indication that there is additional existing evidence for which the Veteran has provided authorization to obtain or development required to create any additional evidence to be considered in connection with the matter decided on appeal.

Principles and Theories of Service Connection

A veteran is entitled to VA disability compensation if there is a disability resulting from personal injury suffered or disease contracted in line of duty in active service, or for aggravation of a preexisting injury suffered or disease contracted in line of duty in active service. 38 U.S.C.A. § 1110. 

Generally, to establish a right to compensation for a present disability, a Veteran must show: (1) a present disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service, the so-called "nexus" requirement. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Service connection means that the facts, shown by evidence, establish that a particular injury or disease resulting in disability was incurred coincident with service, or if preexisting such service, was aggravated by service. This may be accomplished by affirmatively showing inception or aggravation during service. 38 C.F.R. § 3.303(a). 

For the showing of chronic disease in service there is required a combination of manifestations sufficient to identify the disease entity and sufficient observation to establish chronicity at the time, as distinguished from merely isolated findings or a diagnosis including the word "chronic." 

Continuity of symptomatology after discharge is required where the condition noted during service is not, in fact, shown to be chronic or where the diagnosis of chronicity may be legitimately questioned. 38 C.F.R. § 3.303(b). 

Service connection may also be granted for disability shown after service, when all of the evidence, including that pertinent to service, shows that it was incurred in service. 38 C.F.R. § 3.303(d). 

Analysis

VA must give due consideration to all pertinent medical and lay evidence in a case where a veteran is seeking service connection. 38 U.S.C.A. § 1154(a). In multiple statements, to include in a statement received in July 2006, the Veteran asserts that during service in World War II, he was on the USS Athene Aka 22 and was involved in the invasion of Iwo Jima and Okinawa. As the Veteran is not asserting that his stomach condition is due to combat, the combat provisions of 
38 U.S.C.A. § 1154(b) do not apply.

The Board also notes that in May 1946, the Veteran indicated that he had stomach problems in service, however a review of the record shows that the Veteran first filed a claim in 2007, whereby he indicated an intent to apply for service connection for a stomach condition. 

The service treatment records contain no complaint, finding, history, or treatment for a stomach disability. On separation examination in 1946, the Veteran noted a history of left side pain in July 1945. Abdomen and pelvis were evaluated as normal. 

As the service treatment records lack the documentation of the combination of manifestations sufficient to identify a stomach condition, and sufficient observation to establish chronicity during service, and as chronicity in service is not adequately supported by the service treatment records, then continuity of symptomatology after service is required to support the claim. 

In numerous statements dated from August 1981 to March 2011, the Veteran contended that during service, in 1943, while he was at Sampson Receiving Unit, he fell down the stairs and injured his left leg, left knee, and back and was subsequently hospitalized at Sampson Ship's Company dispensary for about four weeks. Of record is an August 1985 "buddy" statement from an individual who reported being present when the Veteran fell down a flight of stairs in service and visited him in the hospital. In statements dated in July 2006, in December 2007 and in the Form 9 Appeal received in April 2010, the Veteran indicated that he injured the left side of his stomach during his fall in service. 

In October 1994 the RO received a statement from a certified polygraphist who noted that the Veteran had recently undergone a polygraph examination. At that time, the Veteran claimed that in 1943 while at the Sampson Training Station he fell down some wooden stairs. As a result of the fall he was in sick bay for three weeks to a month for an injury to his left leg as a result of that fall. The polygraph examiner concluded that, through the interpretation of the polygraph recordings, it was determined that the Veteran was being truthful in his statements regarding the details of the injuries he sustained during military service. 

In November 1994, at a RO hearing, the Veteran testified that during service he had a nervous stomach and went to sick bay. In a statement in April 1997, the Veteran indicated that while aboard the USS ATHENE AKA 22, a few months after the invasion of Okinawa, he was treated for dysentery and was at sick bay for three days. In February 2003, the Veteran testified that he had stomach problems in service around the time he had a fluoroscopy; however, service treatment records show that in July 1945 and in April 1946 there was a photo fluorographic examination of the chest and findings from both examinations were normal. 

As the Veteran is competent to describe symptoms of stomach problems and his fall in service, and the Board finds his statements to be credible, but as it does not necessarily follow that there is a relationship between a current stomach condition and the continuity of symptomatology that the Veteran avers, medical evidence is required to demonstrate such a relationship unless such a relationship is one to which a lay person's observation is competent. Savage v. Gober, 10 Vet. App. 488, 495-97 (1997) (medical evidence is required to demonstrate continuity of symptomatology and any present disability unless such a relationship is one to which a lay person's observation is competent).

It has not been established that the Veteran is otherwise qualified through specialized education, training, or experience to offer a medical diagnosis, statement, or opinion. 38 C.F.R. § 3.159.

Lay testimony is competent only so long as it is within one's personal knowledge or personal observations or the lay evidence relates to a medical condition under case law that has been found to be capable of lay observation. 

Although the Veteran is competent to describe stomach symptoms, a stomach disorder is not a condition under case law that has been found to be capable of lay observation, and the determination as to the presence or diagnosis of such a disability therefore is medical in nature and competent medical evidence is required to substantiate the claim. Savage at 498 (On the question of whether there is a chronic condition since service, the evidence must be medical unless it relates to a condition as to which, under case law, lay observation is competent); Barr v. Nicholson, 21 Vet. App. 303 (2007) (Lay testimony is competent to establish the presence of observable symptomatology, where the determination is not medical in nature and is capable of lay observation).

As for service connection based on the initial diagnosis after service under 38 C.F.R. § 3.303(d) and under 38 U.S.C.A. § 1154, lay evidence can serve to support a claim for service connection. 

Under certain circumstances, the Veteran as a lay person is competent to identify a simple medical condition, a contemporaneous medical diagnosis, or symptoms that later support a diagnosis by a medical professional. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). Also, the Veteran as a lay person is competent to offer an opinion on a simple medical condition. Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009) (citing Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007)).

Although the Veteran is competent to describe stomach symptoms, a stomach condition is not a simple medical condition that the Veteran can identify based on mere personal observation, that is, by visual observation or by any other of the senses.

It has not been established that the Veteran is otherwise qualified through specialized education, training, or experience to state that he had a current stomach disorder in service or since service. 

Where, as here, there is a question of the presence or a diagnosis of a stomach condition, which is not capable of lay observation by case law, and the disability is not a simple medication condition under Jandreau for the reason expressed, to the extent the lay statements are offered as proof of the presence of the stomach condition, the Veteran's lay statements are not competent evidence, and the statements are excluded, that is, not admissible as evidence, that is, the Veteran's statements are not to be considered as competent evidence favorable to the claim. 

While the Veteran is competent to report a contemporaneous medical diagnosis and to describe symptoms which support a later diagnosis by a medical professional, other than the Veteran's complaint of pain, a review of the file does not indicate a stomach condition before 1994. No medical professional has related a stomach disorder to an injury, disease, or event in service. 

The current appeal arises from the Veteran's claim filed in December 2007, which specifically indicated a claim for a stomach condition. Prior to the current appeal period, private medical records from 1994 to 1996 show treatment from stomach problems. The records in April 1994 show gastritis, in April 1995 gastroesophageal reflux disease and in December 1995 the records indicate the Veteran was treated for left abdominal pain. X-ray in May 1996 shows nonspecific bowel gas pattern. In April 1996 the Veteran was treated for left sided abdominal pain. The impression was resolving flatulence. VA progress notes in March 2001, indicate there was no abdominal pain, nausea, vomiting, diarrhea or constipation. 

In McClain v. Nicholson, 21 Vet. App. 319, 323 (2007), the U. S. Court of Appeals for Veterans Claims held that a Board finding that a veteran had disability "at some point during the processing of his claim," satisfied the service connection requirement for manifestation of current disability. In the instant case, during the current appeal period, beginning from the time the Veteran filed his claim for stomach condition in 2007, there is no evidence of a current stomach disorder. On VA examination in June 2008, the Veteran reported pain on his left flank, which he attributed to the fall during service in 1943. There was no nausea, vomiting, hematemesis, melena, diarrhea, constipations or peritoneal adhesions. There were no periods of incapacitation due to stomach or duodenal disease. The Veteran denied fluctuations in weight. Physical examination showed no signs of anemia. Bowel sounds were present in all four quadrants. All four quadrants were nontender. There were no signs of hepatosplenomegaly or hepatojugular reflex. The diagnosis was normal stomach examination. 

Subsequently, in a statement in July 2008, the Veteran indicated he had severe pains on the left side of his stomach, had problems walking due to the pain and needed pain killers. Pain alone without a sufficient factual showing that the pain derives from an in-service injury or disease does not constitute a disability for which service connection may be granted. Sanchez-Benitez v. West, 259 F.3d 1356, 1361-62 (Fed. Cir. 2001) (pain alone does not constitute a disability for which service connection may be granted.). Without competent evidence that the Veteran has a current stomach condition, there is no valid claim. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992).

In the absence of competent evidence of a current stomach condition, the preponderance of the evidence is against the claim, and the benefit-of-the-doubt standard of proof does not apply. 
38 U.S.C.A. § 5107(b).


ORDER

Service connection for a stomach condition is denied.


REMAND

With regards to the claims to reopen service connection for a back disability and left knee disability, in a claim filed in July 1985, the Veteran indicated he was treated for his knee (which was characterized as a leg disability) and back at the VA hospital in Northport, NY from 1978 to 1980. In November 1994, the VAMC in Northport indicated that it was unable to locate the Veteran's records from 1946 and 1947. In June 1997, the VAMC in Northport confirmed that it did not have the Veteran's records from 1960 to 1970. In statements received in October 2006, the Veteran indicated that he was treated at the Northport Veterans Hospital for pain in the left side and back in the 1970s, specifically mentioning in 1972, and was treated by an orthopedic doctor at the Northport Hospital in 1998. In a statement in August 2009, the Veteran indicated he had a VA examination in September 1993. VA records from Northport from 1970 to 1980, from September 1993 and from 1998 need to be associated with the file. 

In April 1998, the VAMC in New York indicated that there were no treatment records at that facility. The Veteran in February 2003 testified that he was treated at the VA Manhattan hospital in 1946 for his back and knee. In a statement in March 2003, he indicated that on June 26, 1946 he was treated for left knee and back problems at the VA Hospital at 252 7th Avenue in New York. As the issues are being remanded for other outstanding VA medical records, another attempt should be made to obtain from the VA Manhattan Hospital the 1946 records as they are pertinent to the claims. 

As for the claims of service connection for a left foot condition and left leg condition, in multiple statements dated from August 1981 to March 2011, the Veteran contended that during service, in 1943, while he was at Sampson Receiving Unit, he fell down the stairs and injured his left leg, left knee, and back and was subsequently hospitalized at Sampson Ship's Company dispensary for about four weeks. In statements, including in July 2006, in December 2007 and in June 2009, the Veteran indicated he injured his left leg and left foot during his fall in service. Under the duty to assist, in addition to any outstanding medical records noted above which need to be obtained, a VA examination is necessary to determine whether the Veteran has a current left foot condition and left leg condition which is due to his fall in service. 

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2010). Expedited handling is requested.)

1. Obtain records from the Northport VAMC from 1970 to 1980, from September 1993 and from 1998. If the records do not exist or further efforts to obtain the records would be futile, notify the Veteran in accordance with 38 C.F.R. § 3.159(e).

2. Attempt to obtain records from the New York VAMC for treatment of back and knee problems at the VA Manhattan hospital in 1946. If the records do not exist or further efforts to obtain the records would be futile, notify the Veteran in accordance with 38 C.F.R. § 3.159(e).

3. After the above has been accomplished, schedule the Veteran for a VA examination to determine the nature and etiology of any current left foot condition and left leg condition. Send the Veteran's claims folder, which should include a copy of this REMAND, to the examiner. The examiner should review the Veteran's entire claims file, including service treatment records and post-service medical evidence, as well as the Veteran's statements and lay evidence. After reviewing the Veteran's claims file and examining the Veteran, the examiner should provide a thorough examination report of the Veteran's current diagnoses and severity of any current left foot disability and left leg disability. 

The examiner is to be specifically instructed that while there is a lack of documentation of the claimed injuries in the file, the Board has found and therefore VA accepts as true the Veteran's contentions that during service, in 1943, while he was at Sampson Receiving Unit, he fell down the stairs and injured his left foot and left leg.

The examiner should then provide an opinion addressing the following questions: 

(1) Accepting as true that the symptomatology of current pain in the left foot and left leg (from the fall down a stair case in 1943) occurred in service as reported by the Veteran, and assuming that this same symptomatology of the left foot and left leg continued to occur after service as reported by the Veteran, is it at least as likely as not (a 50 percent probability or greater) that the diagnoses corresponding to the Veteran's left foot and left leg are related to those symptoms? 

(2) In the alternative, is it at least as likely as not (a 50 percent probability or greater) that the diagnoses corresponding to the Veteran's left foot and left leg were caused by his military service in any way, including as due to fall down a staircase in 1943? 

The reasons and bases for all opinions expressed should be provided and the report should include a discussion of the Veteran's documented medical history, statements and assertions. If the examiner cannot provide an opinion, the examiner must affirm that all procurable and assembled data was fully considered and a detailed rationale must be provided for why an opinion cannot be rendered. 

4. On completion of the above, adjudicate the claims. If the decision remains adverse to the Veteran, then provide the Veteran and his attorney a supplemental statement of the case and return the case to the Board

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2010).



______________________________________________
DEBORAH W. SINGLETON
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs